# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
### ERIE DIVISION

JONATHAN VOORHIS,

      Petitioner,

     vs.

ATTORNEY GENERAL OF THE
STATE OF PENNSYLVANIA, and
DISTRICT ATTORNEY OF ERIE
COUNTY,

      Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 1:24-cv-00188

Christopher B. Brown
United States Magistrate Judge

## MEMORANDUM OPINION[1]

**Christopher B. Brown, United States Magistrate Judge**

Petitioner, Jonathan Voorhis, pro se, has filed a Petition for Writ of Habeas

Corpus under 28 U.S.C. § 2254 challenging the February 3, 2023 judgment of

sentence imposed on him by the Court of Common Pleas of Erie County,

Pennsylvania, at its criminal case at CP-25-CR-0000529-2022.  ECF No. 1.  For the

following reasons, the petition will be dismissed for lack of subject matter

jurisdiction.  Alternatively, assuming the Court has subject matter jurisdiction, the

petition will be dismissed as the four claims raised are procedurally defaulted and

Voorhis has not advanced any argument as to why this Court should excuse the

procedural default of these claims.

---

[1]       In accordance with the provisions of 28 U.S.C. § 636(c), the parties have voluntarily
consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a
final judgment.  *See* ECF Nos. 9 and 10 (stating that consent is being filed on behalf of all
Respondents).

## I.    Relevant Background

Voorhis was convicted after a summary trial of two counts of disorderly

conduct under two subsections of the statute:  18 Pa.C.S. § 5503(a)(1) and 18

Pa.C.S. § 5503(a)(4).  ECF No. 4-1 at 2, 6.

The Superior Court of Pennsylvania summarized the factual history of this

case as follows:

> On November 9, 2021, Detective Ginkel of the Erie City
> Police Department charged [Voorhis] with one count of
> terroristic threats, one count of stalking, one count of
> simple assault, and three counts of disorderly conduct
> after a road rage incident in which the victim honked at
> [Voorhis] and [Voorhis] got out of his car threatening the
> victim. (citation omitted).  [Voorhis] was represented by
> multiple public defenders who were either fired by
> [Voorhis] or withdrew representation before he filed a
> Petition to Proceed Pro-Se and Waiver of Counsel on
> October 11, 2022.  (citation omitted).  The Commonwealth
> amended the criminal information on November 16, 2022
> to eliminate the first three charges and to reduce the
> three disorderly conduct counts from misdemeanors to
> summary offenses, believingly only a summary trial to be
> necessary . . . .  Following a non-jury trial on February 3,
> 2023, [Voorhis] was convicted of two counts of disorderly
> conduct and received a 90-180 day sentence, which
> [Voorhis] had already served.  N.T. at 44.

ECF No. 4-1 at 1-2.[2]  Following his conviction, Voorhis filed an appeal to the

Superior Court in which he raised 8 grounds for relief, many of which had multiple

---

[2]    The record reflects Voorhis was on probation /parole at the time he committed these offenses and due to these new charges, he was detained by the Pennsylvania Board of Probation and Parole on November 19, 2021.  *See* ECF No. 5 at 21; ECF No. 8-2.

sub-parts. *Id*. at 2-3.  On December 27, 2023, the Superior Court affirmed the judgment of sentence.[3]  Seven months later, on July 29, 2024, the Pennsylvania Supreme Court denied Voorhis's petition for allowance of appeal ("PAA").  ECF No. 4-5.

While his PAA was pending, Voorhis filed the instant federal habeas petition on July 3, 2024.  ECF No. 1.[4]  In it, he raises four grounds for relief:  (1) the Superior Court erred in finding his application for reargument untimely, (2) violation of his speedy trial rights under Pennsylvania Rule of Criminal procedure 600, (3) the Superior Court erred in affirming the trial court's denial of his motion to preserve evidence, and (4) the Superior Court erred in affirming the trial court's denial of his motion for compulsory discovery.  ECF No. 1, at 5-11.

---

[3]     The Superior Court found many issues raised on appeal were waived as Voorhis had failed to develop a coherent legal argument and the remaining issues lacked merit.  But the Superior Court did address and reject on its merits Voorhis's  ineffective assistance of counsel claim explaining:

> "[b]ecause Appellant received a short sentence and was given credit for time served, in the interest of justice we will briefly analyze if this case is one of the limited circumstances in which the claim should be heard on direct appeal.  Here, Appellant's sentence was 45-90 days on each count for a total of 90-180 days.  Sentencing Order, 2/6/22.  Appellant has served this time.  N.T. at 44.  However, in order to be eligible for PCRA relief, the statute provides that at the time relief is granted, petitioner must "be currently serving a sentence of imprisonment, probation or parole for the crime."  42 Pa. C.S. § 9543(a)(1)(i).  Appellant will never be eligible for PCRA relief, and thus we will "err on the side of favoring vindication of constitutional rights" and address the merits."

ECF No. 4-1 at 19.  Voorhis has not raised an ineffective assistance of counsel claim in his federal habeas petition.

[4]     After Voorhis initiated this case, he filed several documents in state court, including the following :  (1) a motion for post conviction collateral relief or in the alternative motion for coram nobis on September 11, 2024, which was denied by the trial court as moot on April 3, 2025; (2) a petition for coram nobis on February 3, 2026, which was denied by the trial court on February 4, 2026; and (3) a notice of second coram nobis on June 2, 2026, which was denied by the trial court on June 4, 2026.  *See* public docket, https://ujsportal.pacourts.us/Report/CpDocketSheet? docketNumber=CP-25-CR-0000529-2022 (last viewed 6/16/26).

3

Respondent, the District Attorney of Erie County, filed a response, ECF No. 4, contending the petition should be dismissed as the claims raised in the petition are procedurally defaulted.  ECF No. 4 at 4-5.  Voorhis filed a Reply disputing Respondent's arguments.  ECF No. 8.

## II.    Discussion

Title 28, United States Code, § 2254(a) provides that federal habeas jurisdiction permits the entertaining of "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a) (emphasis added).  In light of this statutory language, the Court of Appeals for the Third Circuit has declared "the sine qua non of federal habeas corpus jurisdiction is that petitioner be 'in custody'[.]"  *U. S. ex rel. Dessus v. Com. of Pa.,* 452 F.2d 557, 559-60 (3d Cir. 1971).  It explained:

> The sole justification of federal habeas jurisdiction for a state prisoner is the statutory mandate that the applicant be a "person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254. Indeed, in the seminal case of *Fay v. Noia*, 372 U.S. 391, 83 S. Ct. 822, 9 L.Ed.2d 837 (1963), Mr. Justice Brennan was careful to emphasize: "The jurisdictional prerequisite is not the judgment of a state court but detention simpliciter." 372 U.S. at 430, 83 S. Ct. at 844. Thus, custody is the passport to federal habeas corpus jurisdiction. Without custody, there is no detention. Without detention, or the possibility thereof, there is no federal habeas jurisdiction.

*Id.* at 560 (footnote omitted).  *See also* Brian R. Means, Federal Habeas Manual § 1:3 (May 2026 update) ("The custody requirement is jurisdictional.") (citing, *inter*

*alia, Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam)).  "Custody" though is defined not only as physical confinement.  An individual who is on parole is deemed to be "in custody" because of the significant restrictions imposed on their freedom.  *See Maleng,* 490 U.S. at 491.

Voorhis was convicted of two summary offenses and sentenced on February 3, 2023, to a 90-180 day sentence.  Voorhis filed this petition on July 3, 2024, and at that time, he was not in custody.[5]  This Court thus lacks jurisdiction because he was not "in custody" at the time he filed his habeas petition.  *See Maleng*, 490 U.S. at 490-92; *Gov't of Virgin Islands v. Vanterpool*, 767 F.3d 157, 163 (3d Cir. 2014) ("The Supreme Court has interpreted the statutory language under § 2254 as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed) (citation and internal quotation marks omitted); *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003) ("While the 'in

---

[5]    In his Reply, Voorhis states he "is currently serving probation/ parole on docket number CP-25-CR-000529-2022, . . . as Petitioner's sentence on docket number CP-25-CR-0003258-2015 has been extended (see Exhibit B)."  ECF No. 8 at 2.  However Exhibit B, attached to the Reply, does not show that Voorhis is on probation / parole for the sentence he is challenging in this habeas petition.  Rather, in 2016, Voorhis was sentenced in docket number CP-25-CR-0003258-2015 to 15 -120 months imprisonment.  *See* public docket, https://ujsportal.pacourts.us/Report/CpDocketSheet? docketNumber=CP-25-CR-0003258-2015.  His maximum date for that conviction was originally 4/2/2026.  ECF No. 8-2 at 4.  He was paroled on that sentence on 2/18/2021.  *Id*.  The Notice of Parole Board decision, dated May 8, 2023, states Voorhis was being "recommit[ted] to a state correctional institution as a parole violator to serve a recommitment period of 9 months."  *Id*.  While the Board's Notice explains his recommitment is a result of his two summary convictions, it is clear his summary conviction sentences were not extended; he was recommitted as a "convicted parole violator."  Yes, the convictions which made him a "convicted parole violator" were for the underlying disorderly conducts at CP-25-CR-000529-2022.  That said, the sentence for the disorderly conduct convictions was not extended.  Rather, it was his parole sentence at CP-25-CR-0003258-2015 which was extended as a result of these summary convictions which was a violation of his parole.  Not only is this evident from the language in the Notice of Board Decision, ECF No. 8-2 at 2-3, but also demonstrated by the fact that the Parole Board awarded him backtime credit from 11/18/2021 to 2/6/2023 and recomputed his maximum date for that conviction from 4/2/2026 to 4/12/2026.

custody' requirement is liberally construed for purposes of habeas corpus, for a federal court to have jurisdiction, a petitioner must be in custody under the conviction he is attacking at the time the habeas petition is filed.").[6]

There is an alternative ground to dismiss this petition. Assuming, arguendo, this Court has subject matter jurisdiction, Respondent argues the four claims raised in this petition are procedurally defaulted and, thus, are barred from federal habeas review. Respondent is correct.

Before seeking habeas corpus relief in federal court, a state prisoner must first exhaust his remedies in state court. *See* 28 U.S.C. 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan,* 526 U.S. at 842. The petitioner

---

[6]     The Court need not address whether Voorhis has collateral consequences flowing from his summary convictions. Felony convictions are universally presumed to carry with them a host of concrete disadvantages or legal disabilities that have been recognized as being sufficiently adverse collateral consequences to make a case justiciable. *United States v. Hill,* 171 F. Supp. 2d 1032, 1038 (D.S.D. 2001). But collateral consequences are not presumed with summary or misdemeanor convictions. And "[i]n general, courts hold that the imposition of a fine or the revocation of a license is merely a collateral consequence of conviction, and does not meet the 'in custody' requirement." *See Preik v. District Attorney of Allegheny County*, No. 10-1612, 2011 WL 13585747, \*10 (W.D. Pa. Aug. 12, 2011), *report and recommendation adopted*, 2011 WL 13585737 (W.D. Pa. Sept. Sept. 7, 2011) (quoting *Williamson v. Gregoire*, 151 F.3d 1180 (9th Cir. 1998), *cert. denied*, 525 U.S. 1180, 1183 (1999)). Even assuming collateral consequences flow from Voorhis's summary convictions, such an argument would be without merit. Collateral consequences may prevent a habeas petition from becoming moot if the petitioner *was in* custody at the time the petition was filed but released from custody on the challenged conviction after the petition was filed. Collateral consequences of the conviction are *not* enough to satisfy the jurisdictional "in custody" requirement where the sentence expired before the filing of the petition. *See Spencer*, 523 U.S. at 7-8; *Maleng*, 490 U.S. at 492; *Obado*, 328 F.3d at 718 n.2. And as discussed above, Voorhis was *not* in custody at the time he filed his federal habeas petition in July 2024. Therefore, even if Voorhis may have collateral consequences from his 2023 criminal judgment and summary convictions this is insufficient to save Voorhis's habeas petition from being dismissed in light of the fact that he was not "in custody" at the time his filed this habeas petition.

must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. In Pennsylvania, one complete round includes presenting the federal claim through the Superior Court on direct or collateral review. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004). When a claim is not exhausted because it has not been "fairly presented" to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is an absence of available State corrective process. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (*holding modified by Martinez v. Ryan*, 566 U.S. 1 (2012)); *Johnson v. Mahanoy*, 144 F.4th 178, 186-87 (3d Cir. 2025) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (explaining the doctrines of procedural default and exhaustion "ensure that federal habeas courts rarely 'upset a state court conviction without an opportunity [for] the state courts to correct a constitutional violation."). "In such cases, however, [petitioners] are considered to have procedurally defaulted their claims and federal courts may not consider the merits of such claims unless the" petitioner can demonstrate "cause and prejudice" or a "fundamental miscarriage of justice.'" *Coleman,* 501 U.S. at 750; *Johnson*, 144 F.4th at 188. *See also Martinez v. Ryan*, 566 U.S. 1 (2012) ("Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default,

7

under which a federal court *will not* review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule.") (emphasis added).

To show cause and prejudice, a petitioner must show he had good cause for the procedural default and had suffered prejudice from the alleged violation of federal law. *Johnson*, 144 F.4th at 199. To establish a fundamental miscarriage of justice, a petitioner must make a credible showing of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995); *Reeves v. Fayette SCI*, 897 F.3d 154, 160 (3d Cir. 2018), *as amended* (July 25, 2018). It is a petitioner's burden to demonstrate circumstances excusing procedure default. *Coleman*, 501 U.S. at 650.

As noted above, Voorhis raises four claims in his petition. ECF No. 1, at 5-11. Ground One was never presented in the state courts. This claim, therefore, is not exhausted and is procedurally defaulted. While Grounds Two, Three, and Four were presented on direct appeal, the Superior Court found the issues were waived for "fail[ure] to develop a coherent legal argument in support of" these issues. ECF 4-1 at 4,5. *See* Pa. R.A.P. 2119.[7] So Grounds Two, Three, and Four, while considered exhausted are procedurally defaulted.

---

[7]    Courts have found Rule 2119 to be an independent and adequate state ground for dismissal. *See Heath v. Superintendent of SCI Mahanoy*, No. 20-cv-3722, 2024 WL 3544622, *10 (E.D. Pa. Apr. 9, 2024) (citing cases), r*eport and recommendation adopted,* 2024 WL 3794657 (E.D. Pa. Aug. 13, 2024), *certificate of appealability denied*, 2025 WL 350913 (3d Cir. Mar. 28, 2025), *cert. denied, sub nom. Heath v. Brittain*, 224 L. Ed. 2d (Feb. 23, 2026). *See also Williams v. Patrick*, No. 07-776, 2014 WL 2452049, at *6-7 (E.D. Pa. June 2, 2014) (Pa. R.A.P. 2119 has been recognized as an independent and adequate state law ground since at least 2004).

Furthermore, Voorhis has not advanced any argument as to why the Court should excuse the procedural default of these claims. And denying review of these claims would not constitute a fundamental miscarriage of justice because Voorhis fails to present any "new reliable evidence" of actual innocence. *See Schlup*, 513 U.S. at 316 ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."). Thus, Voorhis has not established grounds to excuse the default and, as a result, all four claims raised in his Petition are procedurally defaulted and foreclosed from habeas review.

## III.    Certificate of Appealability

Title 28, United States Code, § 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

9

claims debatable or wrong." *Id.* Applying those standards here, jurists of reason would not find it debatable whether the habeas petition should be dismissed for lack of jurisdiction.

Alternatively, assuming this Court has jurisdiction, jurists of reason would not find it debatable that the claims presented in this habeas petition are procedurally defaulted and Voorhis has failed to advance any argument as to why this Court should excuse the procedural default of his claims. For all these reasons, a certificate of appealability will be denied.

## IV.   Conclusion

For these reasons, the petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 will be dismissed for lack of subject matter jurisdiction. Alternatively, assuming the Court has subject matter jurisdiction, the petition will be dismissed as the four claims raised in the petition are barred from federal habeas review as they are procedurally defaulted and Voorhis has not advanced any argument as to why this Court should excuse the procedural default of these claims. A certificate of appealability will be denied with respect to each claim. A separate order follows.

DATED this 30th day of June, 2026.

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge

10

cc:    JONATHAN VOORHIS
       3103 ATLANTIC AVE
       ERIE, PA 15606
       (via U.S. First Class Mail)

       Michael E. Burns
       Office of the District Attorney
       (via ECF electronic notification)